1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11

JOSEPH AARON MCKISSICK,

Case No. 2:21-cv-01945-VAP (MAA)

12

Plaintiff,

**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

13

v.

14

JOSIE GASTELO,

15

Defendant.

16
17
18

**I.     INTRODUCTION**

19

On March 1, 2021, Plaintiff Joseph Aaron McKissick ("Plaintiff"), a

20

California inmate housed at California Men's Colony State Prison ("CMC"),

21

proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant

22

to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.)  On March 4, 2021,

23

the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing

24

Fees.  (ECF Nos. 2, 5.)

25

The Court has screened the Complaint, and dismisses it with leave to amend

26

for the reasons stated below.  No later than May 13, 2021, Plaintiff must either:

27

(1) file a First Amended Complaint; or (2) advise the Court that Plaintiff no longer

28

intends to pursue this lawsuit.

## II.     PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]

The Complaint is filed against Josie Gastelo, former head warden of CMC, in her individual capacity ("Defendant").  (Compl. 3.)[2]  Plaintiff alleges that Defendant failed to take reasonable steps to ensure that Plaintiff was free from cruel and unusual punishment while Plaintiff was under Defendant's care at CMC.  (*Id*. at 5.)  On August 8, 2020, Plaintiff filed a "602" regarding his "health concern" about COVID-19, asking to be released to an ankle monitoring program due to Defendant's failures to comply with orders by the Center for Disease Control and federal and state government.  (*Id*.)  Defendant failed to implement six feet social distancing by reducing staff and dorm capacity.  (*Id*.)  The staff failed to wear face masks to ensure Plaintiff's safety.  (*Id*.)  CMC moved inmates from CMC East to CMC West, thus putting inmates and staff at risk to a virus that could be fatal.  (*Id*. at 7.)  On January 2, 2021, Plaintiff tested positive for COVID-19, and has lost his ability to taste.  (*Id*. at 5.)  Plaintiff asserts an Eighth Amendment claim, and seeks declaratory relief and damages.  (*Id*. at 6.)

## III.    LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § Section 1915(e)(2)(B)).  The court must identify cognizable

---

[1] The Court summarizes Plaintiff's allegations and claims in the Complaint and attached exhibits.  *See Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987) (explaining that documents attached to a complaint are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim).  In providing this summary of the allegations and claims, the Court does not opine on their veracity or make any findings of fact.

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

2

claims and dismiss any complaint, or any portion thereof, that is:  (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard.  *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)).  To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Although "detailed factual allegations" are not required, "an unadorned, the-defendant-unlawfully-harmed-me accusation"; "labels and conclusions"; "naked assertion[s] devoid of further factual enhancement"; and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice. *Id*.  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v.  Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a Rule 12(b)(6) motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff.  *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).  Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings

3

liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915. Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

## IV.   DISCUSSION

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "To state a claim under § 1983, a plaintiff must

1   allege the violation of a right secured by the Constitution and laws of the United
2   States, and must show that the alleged deprivation was committed by a person
3   acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here,
4   Plaintiff asserts a single claim for violation of the Eighth Amendment's protection
5   against cruel and unusual punishment.

6   "[T]he treatment a prisoner receives in prison and the conditions under
7   which he is confined are subject to scrutiny under the Eighth Amendment," which
8   prohibits cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 832
9   (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "[W]hile conditions
10  of confinement may be, and often are, restrictive and harsh, they 'must not involve
11  the wanton and unnecessary infliction of pain.'" *Morgan v. Morgensen*, 465 F.3d
12  1041, 1045 (9th Cir. 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347
13  (1981)). "In other words, they must not be devoid of legitimate penological
14  purpose, or contrary to evolving standards of decency that mark the progress of a
15  maturing society." *Id.* (citations and quotation marks omitted).

16  "An Eighth Amendment claim that a prison official has deprived inmates of
17  humane conditions must meet two requirements, one objective and one subjective."
18  *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48
19  F.3d 1082, 1087 (9th Cir. 1995)). <u>First</u>, to satisfy the Eighth Amendment's
20  objective prong, "the deprivation alleged must be, objectively, sufficiently serious;
21  a prison official's act or omission must result in the denial of the minimal civilized
22  measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks
23  and citations omitted). "Prison officials have a duty to ensure that prisoners are
24  provided adequate shelter, food, clothing, sanitation, medical care, and personal
25  safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "The circumstances,
26  nature, and duration of a deprivation of these necessities must be considered in
27  determining whether a constitutional violation has occurred. 'The more basic the
28  need, the shorter the time it can be withheld.'" *Id.* (quoting *Hoptowit v. Ray*, 682

F.2d 1237, 1246 (9th Cir. 1982)).  Second, to satisfy the Eighth Amendment's subjective prong, there must be allegations that a prison official acted with "deliberate indifference" to an inmate's health or safety—that is, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Negligence is insufficient to support an Eighth Amendment claim.  *See id.* at 835.

"Moreover, where, as here, plaintiff names wardens as defendants, plaintiff must specifically allege the warden's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation." *Stephen v. Tilestone*, No. 2:20-cv-1841 KJN P, 2021 U.S. Dist. LEXIS 16584, at *15 (E.D. Cal. Jan. 28, 2021).  This is because "wardens are not liable based solely on their role in supervising prisons." *Id.*  Because vicarious liability does not apply to Section 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).  "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Id.* at 1207–08 (alteration in original) (internal quotation marks and citation omitted).  "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, '[a] supervisor can be liable in his

1    individual capacity for his own culpable action or inaction in the training,

2    supervision, or control of his subordinates; for his acquiescence in the constitutional

3    deprivation; or for conduct that showed a reckless or callous indifference to the

4    rights of others.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (alteration

5    in original) (quoting *Starr*, 652 F.3d at 1208).

6         Here, Plaintiff does not allege facts showing how Defendant in particular

7    violated his Eighth Amendment rights.  *See, e.g., Stephen*, 2021 U.S. Dist. LEXIS

8    16584, at *15–16 (concluding that plaintiff failed to allege Eighth Amendment

9    violation for prison transfer that purportedly put him at extreme risk of contracting

10   COVID-19 because he did not allege facts showing how any particular defendant

11   violated his rights).  There are no allegations that Defendant was personally

12   involved in any alleged failures or that she had knowledge of the constitutional

13   deprivations and acquiesced in them.  Rather, the Complaint appears to attempt to

14   impute the purported failures of CMC staff to Defendant, which is not permissible

15   under Section 1983.  *See Hansen*, 885 F.2d at 646 (affirming grant of summary

16   judgment for police captain where there were no allegations of his personal

17   involvement).

18        Furthermore, there are no allegations to suggest that Defendant had the

19   mental state required for an Eighth Amendment claim.  *See, e.g., George v. Diaz*,

20   No. 20-cv-03244-SI, 2020 U.S. Dist. LEXIS 153581, at *10 (N.D. Cal. Aug. 24,

21   2020) (dismissing Eighth Amendment cruel and unusual punishment claim for

22   spread of COVID-19 in prison where "[e]ven with liberal construction, the

23   complaint cannot reasonably be read to allege any facts suggestive of deliberate

24   indifference").  Plaintiff's conclusory allegations that Defendant "knew or should

25   have known that his conduct, attitude, and actions created an unreasonable risk of

26   harm to Plaintiff" are insufficient to allege that Defendant acted with deliberate

27   indifference.  *See Stephen*, 2012 U.S. Dist. LEXIS 16584, at *15 (holding that

28   plaintiff failed to plead Eighth Amendment cruel and unusual punishment against

                                          7

prison warden due to COVID-19 because "his vague and conclusory allegations are insufficient to demonstrate deliberate indifference").

For these reasons, Plaintiff's Eighth Amendment cruel and unusual punishments claim fails.  If Plaintiff files an amended complaint, he must correct these deficiencies or risk dismissal of his lawsuit.

## V.   CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**.  Plaintiff may have an opportunity to amend and cure the deficiencies in light of his *pro se* prisoner status.  Plaintiff is **ORDERED** to, no later than May 13, 2021, either: (1) file a First Amended Complaint ("FAC"), or (2) advise the Court that Plaintiff no longer intends to pursue this lawsuit.

The FAC must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint.  *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseding pleading.").  This means that Plaintiff must allege and plead any viable claims in the FAC again.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."  **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.  Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to

cite case law, include legal argument, or attach exhibits at this stage of the litigation.  Plaintiff is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court cautions Plaintiff that failure to timely file a FAC will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[3] Instead, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Voluntary Dismissal form.

Plaintiff is advised that the undersigned Magistrate Judge's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim.  Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action.  However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned Magistrate Judge previously found to be insufficient, then, pursuant to 28 U.S.C. § 636, the undersigned Magistrate Judge ultimately may submit to the assigned District Judge a recommendation that such

---

[3] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

    IT IS SO ORDERED.

DATED: April 13, 2021

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

<u>Attachments</u>

Form Civil Rights Complaint (CV-66)

Form Notice of Dismissal