UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AARON MCKISSICK,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>    Defendant. | Case No. 2:21-cv-01945-VAP (MAA)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.	INTRODUCTION**

On March 1, 2021, Plaintiff Joseph Aaron McKissick ("Plaintiff"), a California inmate housed at California Men's Colony State Prison ("CMC"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) On March 4, 2021, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. (ECF Nos. 2, 5.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, on April 13, 2021, the Court screened and dismissed the Complaint with leave to amend. (Order Dismiss. Compl., ECF No. 8.) Plaintiff filed a First Amended Complaint ("FAC") on April 19, 2021. (FAC, ECF No. 9.)

The Court has screened the FAC, and dismisses it with leave to amend for the reasons stated below. No later than June 7, 2021, Plaintiff must either: (1) file a Second Amended Complaint; or (2) advise the Court that Plaintiff no longer intends to pursue this lawsuit.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]

The FAC is filed against Josie Gastelo, former head warden of CMC, in her individual capacity ("Defendant"). (FAC 3.)[2]

Defendant failed to prevent or minimize the spread of COVID-19 at CMC because she failed to implement the six-feet social and living conditions distancing ordered by the Center for Disease Control, federal and state governments, and California Department of Corrections and Rehabilitation Secretary Kathleen Allison. (*Id*. at 5.) Defendant ordered all programs to stop and ordered her subordinates to wear masks, to supply inmates with masks, and to implement six-feet social and living distancing. (*Id*. 5–6.) The staff refused to wear masks until the outbreak occurred at CMC, and then only wore a mask when a supervisor or inspector was present. (*Id*.) Defendant's subordinates never implemented the six-feet social and living distancing and failed to reduce the capacity of the dorms. (*Id*. at 6–7.) Defendant failed to oversee the orders given to her subordinates. (*Id*. at 7.)

Defendant's mother called Defendant to ask that Plaintiff be released to an ankle monitor program out of concern for his safety. (*Id*. at 6.) Defendant told

---

[1] The Court summarizes Plaintiff's allegations and claims in the FAC and attached exhibits, without opining on their veracity or making any findings of fact. *See Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987) (explaining that documents attached to a complaint are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim).

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

2

Plaintiff's mother to have the Plaintiff contact his counselor. (*Id.*) On August 8, 2020, Plaintiff filed a "602" asking to go through the accelerated release program and transferred to transitional housing or an ankle monitoring program. (*Id.* at 11–13.)

On January 2, 2021, Plaintiff tested positive for COVID-19 and was transferred to F yard in the West Facility in a dorm with other inmates not in isolation. (*Id.*) Plaintiff remained in the dorm for three weeks. (*Id.*) Medical staff told Plaintiff that it was best for every inmate to test positive so COVID-19 among inmates could be resolved for up to 90 days. (*Id.*) COVID-19 was intentionally inflicted upon the inmate population by the staff or subordinates of Defendant. (*Id.*) Plaintiff lost his ability to taste and smell, and is still suffering headaches and psychological damage. (*Id.* at 6–7)

Plaintiff asserts an Eighth Amendment claim, and seeks declaratory relief and damages. (*Id.* at 5, 7.)

**III.    LEGAL STANDARD**

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915A);

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "detailed factual allegations" are not required, "an unadorned, the-defendant-unlawfully-harmed-me accusation"; "labels and conclusions"; "naked assertion[s] devoid of further factual enhancement"; and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice. *Id*. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

In reviewing a Rule 12(b)(6) motion to dismiss, courts will accept factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). However, the liberal pleading standard "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989), *superseded by statute on other grounds*, 28 U.S.C. § 1915. Courts will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the

form of factual allegations." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003). In giving liberal interpretations to complaints, courts "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

IV. **DISCUSSION**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff asserts a single claim for violation of the Eighth Amendment's protection against cruel and unusual punishment.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 832

(1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "In other words, they must not be devoid of legitimate penological purpose, or contrary to evolving standards of decency that mark the progress of a maturing society." *Id.* (citations and quotation marks omitted).

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective." *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). <u>First</u>, to satisfy the Eighth Amendment's objective prong, "the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. 'The more basic the need, the shorter the time it can be withheld.'" *Id.* (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). <u>Second</u>, to satisfy the Eighth Amendment's subjective prong, there must be allegations that a prison official acted with "deliberate indifference" to an inmate's health or safety—that is, "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Negligence is insufficient to support an Eighth Amendment claim. *See id.* at 835.

"Moreover, where, as here, plaintiff names wardens as defendants, plaintiff must specifically allege the warden's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation." *Stephen v. Tilestone*, No. 2:20-cv-1841 KJN P, 2021 U.S. Dist. LEXIS 16584, at *15 (E.D. Cal. Jan. 28, 2021). This is because "wardens are not liable based solely on their role in supervising prisons." *Id*. Because vicarious liability does not apply to Section 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Id.* at 1207–08 (alteration in original) (internal quotation marks and citation omitted). "Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, '[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (alteration in original) (quoting *Starr*, 652 F.3d at 1208).

Here, as with the Complaint, Plaintiff does not allege facts showing how Defendant in particular violated his Eighth Amendment rights. *See, e.g., Stephen*, 2021 U.S. Dist. LEXIS 16584, at *15–16 (concluding that plaintiff failed to allege

Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any particular defendant violated his rights). There are no allegations that Defendant was personally involved in any alleged failures or that she had knowledge of the constitutional deprivations and acquiesced in them. Rather, the FAC alleges that Defendant ordered all programs to stop and ordered her subordinates to wear masks, to supply inmates with masks, and to implement six-feet social and living distancing, but that her subordinates and staff defied her orders. (FAC 5–6.) The FAC appears to attempt to impute the purported failures of CMC staff to Defendant, which is not permissible under Section 1983. *See Hansen*, 885 F.2d at 646 (affirming grant of summary judgment for police captain where there were no allegations of his personal involvement).

Furthermore, there are no allegations to suggest that Defendant had the mental state required for an Eighth Amendment claim. *See, e.g., George v. Diaz*, No. 20-cv-03244-SI, 2020 U.S. Dist. LEXIS 153581, at *10 (N.D. Cal. Aug. 24, 2020) (dismissing Eighth Amendment cruel and unusual punishment claim for spread of COVID-19 in prison where "[e]ven with liberal construction, the complaint cannot reasonably be read to allege any facts suggestive of deliberate indifference"). Plaintiff's conclusory allegations that Defendant "knew or should have known" that Plaintiff's health and safety were at risk are insufficient to allege that Defendant acted with deliberate indifference. *See Stephen*, 2012 U.S. Dist. LEXIS 16584, at *15 (holding that plaintiff failed to plead Eighth Amendment cruel and unusual punishment against prison warden due to COVID-19 because "his vague and conclusory allegations are insufficient to demonstrate deliberate indifference").

For these reasons, Plaintiff's Eighth Amendment cruel and unusual punishments claim fails. The Court previously advised Plaintiff of the shortcomings of his Eighth Amendment claim against Defendant. (*See* Order

8

Dismiss. Compl.)  If Plaintiff files an amended complaint, he must correct these deficiencies or risk dismissal of this lawsuit.

V. **CONCLUSION**

For the reasons stated above, the Court **DISMISSES** the FAC **WITH LEAVE TO AMEND**.  Plaintiff may have one final opportunity to amend his complaint in light of his *pro se* prisoner status.  Plaintiff is **ORDERED** to, no later than June 7, 2021, either: (1) file a Second Amended Complaint ("SAC"), or (2) advise the Court that Plaintiff no longer intends to pursue this lawsuit.

The SAC must cure the pleading defects discussed above and shall be complete in itself without reference to the FAC.  *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseding pleading.").  This means that Plaintiff must allege and plead any viable claims in the SAC again.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the FAC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."  **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.  Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation.  Plaintiff is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court cautions Plaintiff that failure to timely file a SAC will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[3] Instead, Plaintiff voluntarily may dismiss this action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Voluntary Dismissal form.

Plaintiff is advised that the undersigned Magistrate Judge's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned Magistrate Judge previously found to be insufficient, then, pursuant to 28 U.S.C. § 636, the undersigned Magistrate Judge ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to

///
///
///

---

[3] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

IT IS SO ORDERED.

DATED: May 7, 2021

                                    _____
                                    MARIA A. AUDERO
                                    UNITED STATES MAGISTRATE JUDGE

<u>Attachments</u>
Form Civil Rights Complaint (CV-66)
Form Notice of Dismissal